IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| XEROX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| GOOGLE INC., | ) | **DEMAND FOR JURY TRIAL** |
| YAHOO! INC., | ) | |
| YOUTUBE, INC. and | ) | |
| YOUTUBE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Xerox Corporation ("Xerox"), for its Complaint herein against

defendants Google Inc. ("Google"), Yahoo! Inc. ("Yahoo"), YouTube, Inc. and YouTube, LLC

(collectively, "YouTube") (all collectively, "Defendants"), upon personal knowledge as to its

own actions and upon information and belief as to the actions of others, hereby alleges as

follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement.

## PARTIES

2.      Plaintiff Xerox is a corporation organized and existing under the laws of

New York, having its principal place of business at 45 Glover Avenue, Norwalk, Connecticut

06850.  Xerox is a global provider of document-management technology and services.

3.      Defendant Google is a corporation organized and existing under the laws

of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain

View, California 94043.  Google is a provider of internet search and advertising services.

4.    Defendant Yahoo is a corporation organized and existing under the laws of Delaware, having its principal place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo is a provider of internet search and advertising services.

5.    Defendant YouTube, Inc. is a corporation organized and existing under the laws of Delaware, and Defendant YouTube, LLC is a limited liability company organized and existing under the laws of Delaware, both having their principal places of business at 901 Cherry Avenue, San Bruno, CA 94066.  YouTube is a video platform providing online general purpose video resources to the web community.

## JURISDICTION AND VENUE

6.    This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*  This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has personal jurisdiction over Defendants Google, Yahoo and YouTube because they are organized and exist under the laws of Delaware.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## COUNT I
## GOOGLE'S INFRINGEMENT OF U.S. PATENT NO. 6,778,979

9.    Paragraphs 1-8 are incorporated herein by reference.

10.    Xerox is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 6,778,979 (the "'979 Patent"), entitled "System for Automatically Generating Queries", which was duly and legally issued on August 17, 2004 to inventors Gregory T. Grefenstette and James G. Shanahan.  A true and complete copy of the '979 Patent is attached hereto as Exhibit A.

11.     The '979 Patent claims systems and methods for automatically generating queries, or searches, for information related to a document.

12.     Google makes and uses software to operate its advertising services, including Google AdSense and AdWords.  Google AdSense and AdWords software automatically generate queries based on the content of web pages to retrieve related advertisements.

13.     Google performs all elements of the infringed claims of the '979 Patent by making and using Google AdSense and AdWords software.

14.     Google has infringed the '979 Patent within this judicial district and elsewhere by making and using Google AdSense and AdWords software, which embody the '979 Patent, and by making this software available for others to use via the internet, without authority to do so.

15.     Xerox has notified Google of the '979 Patent and of its infringement. Google therefore has actual or constructive knowledge of the '979 Patent and of its infringement and is willfully infringing the '979 Patent.

16.     Xerox has been damaged by Google's infringement of the '979 Patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Google from further infringement.

## COUNT II
## GOOGLE'S INFRINGEMENT OF U.S. PATENT NO. 6,236,994

17.     Paragraphs 1-16 are incorporated herein by reference.

18.     Xerox is the lawful owner, by assignment, of the entire right, title and interest in United States Patent No. 6,236,994 (the "'994 Patent"), entitled "Method and Apparatus for the Integration of Information and Knowledge", which was duly and legally issued

on May 22, 2001 to inventors Ronald M. Swartz, Jeffrey L. Winkler, Evelyn A. Janos, Igor Markidan and Qun Dou.  A true and complete copy of the '994 Patent is attached hereto as Exhibit B.

19.    The '994 Patent claims systems and methods for integrating information from heterogeneous document and data sources.

20.    Google makes and uses Google Maps, a web-based application that integrates information related to maps, addresses, directions, points of interest and businesses with data from user reviews and ratings.

21.    Google makes and uses Google Video, a web-based application for video hosting and sharing that integrates information related to videos with data from user reviews and ratings.

22.    Google performs all elements of the infringed claims of the '994 Patent by making and using Google Maps and Google Video.

23.    Google has infringed the '994 Patent within this judicial district and elsewhere by making and using Google Maps and Google Video, which embody the '994 Patent, and by making the software available for others to use via the internet, without authority to do so.

24.    Xerox has notified Google of the '994 Patent and of its infringement. Google therefore has actual or constructive knowledge of the '994 Patent and of its infringement and is willfully infringing the '994 Patent.

25.    Xerox has been damaged by Google's infringement of the '994 Patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Google from further infringement.

## COUNT III
## YAHOO'S INFRINGEMENT OF U.S. PATENT NO. 6,778,979

26.    Paragraphs 1-25 are incorporated herein by reference.

27.    Yahoo makes and uses software to operate its advertising services, including Yahoo! Search Marketing and Yahoo! Publisher Network. Yahoo's Search Marketing and Publisher Network software automatically generate queries based on the content of web pages to retrieve related advertisements.

28.    Yahoo makes and uses Y!Q Contextual Search, a system that automatically generates queries based on the content of web pages to retrieve information related to the web pages.

29.    Yahoo performs all elements of the infringed claims of the '979 Patent by making and using Yahoo! Search Marketing, Yahoo! Publisher Network and Y!Q Contextual Search.

30.    Yahoo has infringed the '979 Patent within this judicial district and elsewhere by making and using Yahoo! Search Marketing, Yahoo! Publisher Network and Y!Q Contextual Search, which embody the '979 Patent, and by making this software available for others to use via the internet, without authority to do so.

31.    Xerox has notified Yahoo of the '979 Patent and of its infringement. Yahoo therefore has actual or constructive knowledge of the '979 Patent and of its infringement and is willfully infringing the '979 Patent.

32.    Xerox has been damaged by Yahoo's infringement of the '979 Patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Yahoo from further infringement.

## COUNT IV
## YAHOO'S INFRINGEMENT OF U.S. PATENT NO. 6,236,994

33.     Paragraphs 1-32 are incorporated herein by reference.

34.     Yahoo makes and uses Yahoo! Shopping, a web-based system offering products for sale that integrates information related to products with data from user reviews and ratings.

35.     Yahoo performs all elements of the infringed claims of the '994 Patent by making and using Yahoo! Shopping.

36.     Yahoo has infringed the '994 Patent within this judicial district and elsewhere by making and using Yahoo! Shopping, which embodies the '994 Patent, and by making this software available for others to use via the internet, without authority to do so.

37.     Xerox has notified Yahoo of the '994 Patent and of its infringement. Yahoo therefore has actual or constructive knowledge of the '994 Patent and of its infringement and is willfully infringing the '994 Patent.

38.     Xerox has been damaged by Yahoo's infringement of the '994 Patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins Yahoo from further infringement.

## COUNT V
## YOUTUBE'S INFRINGEMENT OF U.S. PATENT NO. 6,236,994

39.     Paragraphs 1-38 are incorporated herein by reference.

40.     YouTube makes and uses YouTube.com, a website for video hosting and sharing that integrates information related to videos with data from user reviews and ratings.

41.     YouTube performs all elements of the infringed claims of the '994 Patent by making and using YouTube.com.

42.    YouTube has infringed the '994 Patent within this judicial district and elsewhere by making and using YouTube.com, which embodies the '994 Patent, and by making its video hosting system available for others to use via the internet, without authority to do so.

43.    YouTube has actual or constructive knowledge of the '994 Patent and of its infringement and is willfully infringing the '994 Patent.

44.    Xerox has been damaged by YouTube's infringement of the '994 Patent, has been irreparably harmed by that infringement, and will suffer additional damages and irreparable harm unless this Court enjoins YouTube from further infringement.

45.    This case is an exceptional case, and Xerox is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

A.    declaring that Google has infringed the '979 Patent and the '994 Patent, and finding such infringement willful;

B.    declaring that Yahoo has infringed the '979 Patent and the '994 Patent, and finding such infringement willful;

C.    declaring that YouTube has infringed the '994 Patent, and finding such infringement willful;

D.    enjoining Defendants, their officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them from infringing the '979 Patent and the '994 Patent, pursuant to 35 U.S.C. § 283;

E.    awarding Xerox compensatory damages for Defendants' infringement, together with interest and costs pursuant to 35 U.S.C. § 284;

F.      trebling any and all damages awarded to Xerox, pursuant to 35 U.S.C.

§ 284, for the willful acts of infringement complained of herein;

G.      awarding Xerox reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

and

H.      granting Xerox such other and further relief as this Court deems just and

proper.

**JURY DEMAND**

Xerox demands a trial by jury on all issues so triable.

ASHBY & GEDDES

/s/ *John G. Day*

---

Lawrence C. Ashby (I.D. #468)
John G. Day (I.D. #2403)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
lashby@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiff Xerox Corporation*

*Of Counsel*:

Richard J. Stark
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Dated: February 19, 2010

{00378518;v1}