UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| XEROX CORPORATION,<br><br>    Plaintiff-Counterclaim Defendant,<br><br>    v.<br><br>GOOGLE INC., YAHOO! INC., RIGHT MEDIA INC., RIGHT MEDIA LLC, YOUTUBE, INC., AND YOUTUBE, LLC,<br><br>    Defendants-Counterclaim Plaintiffs, | C.A. No. 10-136-LPS-MPT<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS GOOGLE INC. AND YAHOO! INC.'S NOTICE OF DEPOSITION OF PLAINTIFF XEROX CORPORATION PURSUANT TO FED. R. CIV. PROC. 30(b)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendants Google Inc., and Yahoo! Inc. by their attorneys, will take the oral deposition of Xerox Corporation ("Xerox") March 30, 2011, April 1, 2011, and April 7, 2011 at the offices of Quinn Emanuel Urquhart & Sullivan, 51 Madison Avenue, 22nd floor, New York, NY, 10010.  The deposition will take place before an officer duly authorized by law to administer oaths and recorded testimony.  The testimony will be recorded by stenographic means and will be videotaped. Xerox shall identify and designate person(s) to testify on Xerox's behalf about each numbered category in the attached Exhibit A.

|  |  |
|---|---|
| OF COUNSEL: | QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP |
| /s/ David E. Moore<br>Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | By: /s/ David A. Perlson<br><br>Charles K. Verhoeven<br>David A. Perlson<br>50 California St., 22nd Floor<br>San Francisco, CA 94111<br>Tel.: (415) 875-6600<br><br>Andrea Pallios Roberts<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, CA 94065<br><br>*Attorneys for Defendant Google Inc.* |

Dated: March 25, 2011

01980.51645/4041803.1

DEFENDANTS GOOGLE INC. AND YAHOO! INC.'S NOTICE OF DEPOSITION OF PLAINTIFF XEROX
CORPORATION PURSUANT TO FED. R. CIV. PROC. 30(b)(6) - Page 2

## SCHEDULE A

## DEFINITIONS

As used in this notice of deposition, the following terms have the meaning indicated:

A. "Google" means Google Inc., including its present and former corporate parents, predecessors in interest, successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on its behalf.

B. "Yahoo!" means Yahoo! Inc., including its present and former corporate parents, predecessors in interest, successors in interest, shareholders, divisions, departments, subsidiaries, branches, affiliates, and its present and former officers, directors, executives, employees, partners, agents, principals, attorneys, trustees, representatives, and other persons acting or purporting to act on its behalf.

C. "Defendants" means Google and Yahoo!.

D. "Plaintiff," or "Xerox," shall mean plaintiff Xerox Corporation, and its agents, officers, employees, representatives and attorneys, and any and all of its predecessor or successor companies, corporations or business entities.

E. The "Patent-in-Suit" shall mean U.S. Patent No. 6,778,979.

F. The term "Related Patents/Applications" shall mean (1) any United States or foreign patent or patent application related to the Patent-in-Suit by way of subject matter or claimed priority date, (2) all parent, grandparent or earlier, divisional, continuation, continuation-in-part, provisional, reissue, reexamination, and foreign counterpart patents and applications of thereof,

and/or (3) any patent or patent application filed by one of more of the same applicant(s) (or his or her assignees) that refers to any of (1) or (2) herein.

G. The term "Document" is used in its broadest sense to include everything that is contemplated by Rules 26 and 34 of the Federal Rules of Civil Procedure, including without limitation any written, recorded or tangible graphic matter, or any other means of preserving data, expression, facts, opinions, thought, images, or other information of any kind, including without limitation all non-identical copies, drafts, out takes, subsequent versions, worksheets and proofs, however created or recorded, including without limitation audio tapes, annotations, calendars, correspondence, data or information of any kind recorded on compact disks, digital video diskettes, or any other type or form of diskettes for use with computers or other electronic devices, or any hard drive, diary entries, electronic recordings of any kind, e-mail, memoranda, notes, photographs, reports, telephone slips and logs, video cartridges and videotapes, and sites, databases, or other means of information storage or retrieval on the Internet or the World Wide Web. The term "Document" also includes, but is not limited to, documents stored in electronic form, such as electronic mail, computer source code, object code and microcode, and documents stored on any media accessible by electronic means. A comment or notation appearing on any Document that is not part of the original text is to be considered a separate "Document."

H. "Thing" means any tangible object other than a Document.

I. "Person" or "Entity" includes not only natural Persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units thereof.

J. "Infringement" refers to any form of infringement actionable under United States law, including without limitation, direct infringement, contributory infringement, inducement to infringe, literal infringement, and infringement under the doctrine of equivalents.

K. "Accused Product" and/or "accused Google product" means any Google product or service identified by Xerox in its Complaint or in response to Defendants' interrogatories as infringing the patent-in-suit.

L. "Asserted Claim" and/or "Asserted Claims" means each claim of the patent-in-suit alleged or believed to be infringed, such as those identified by Plaintiff in its responses to Google's interrogatory no. 1.

M. "Relates to," "Relating to" and "Related to" mean describing, discussing, evidencing, concerning, reflecting, comprising, illustrating, containing, embodying, constituting, analyzing, stating, identifying, referring to, commenting on, connected with, substantiating, establishing, memorializing, proving, disproving, contradicting, mentioning, regarding, reflecting, dealing with, in any way pertaining to, or supporting, directly or indirectly.

N. "Communication" means any occurrence whereby data, expression, facts, opinions, thought or other information of any kind is transmitted in any form, including without limitation any conversation, correspondence, discussion, e-mail, fax, meeting, memorandum, message, note, or posting or other display on the Internet or the World Wide Web.

O. "Inventor" and/or "Inventors" refers to any and/or all named inventors of patent-in-suit, including Gregory T. Grefenstette and James G. Shanahan.

**Areas of Examination Pursuant to Rule 30(b)(6)**

In accordance with Rule 30(b)(6), Xerox is required to designate one or more of its officers, directors, managing agents, or other persons to testify on its behalf with respect to matters known or reasonably available to Xerox regarding the subjects described below:

1. All facts and circumstances regarding the conception, reduction to practice (actual or constructive), any alleged diligence in reduction to practice and/or cessation of attempted reduction to practice of each of the Asserted Claims of the Patent-in-Suit, on a claim-by-claim basis, including without limitation (i) all corroborating evidence thereof, including without limitation the identity of the author and dates of creation, last modification, and printing of any documents relating to the alleged conception and reduction to practice; and (ii) all persons who contributed in any way to the conception or reduction to practice of any of the Asserted Claims of the Patent-in-Suit.

2. An explanation of how each document identified as relating to the date of conception of any Asserted Claim establishes the date and substance of each element and/or limitation of the asserted claims.

3. The best mode contemplated by the named inventors for carrying out the alleged invention(s) of the Patent-in-Suit on or prior to December 5, 2000.

4. Any technical challenges encountered and overcome during the conception and reduction to practice of the alleged invention(s) of the Patent-in-Suit, and the functionality and improvements used to overcome those technological challenges.

5. Any unpredictable results from of the alleged invention(s) of the Patent-in-Suit observed or experienced during the development, conception, and/or reduction to practice of the alleged inventions(s) of the Patent-in-Suit.

6. The preparation and prosecution of the Patent-in-Suit and any Related Applications in the United States Patent and Trademark Office or any foreign patent office, including without limitation the identity and role of all persons involved in said preparation and prosecution and the content and location of all documents related to said preparation and prosecution.

7. All facts and circumstances regarding any prior art investigation regarding the Patent-in-Suit and any Related Patents/Applications conducted in connection with the preparation and prosecution of the Patent-in-Suit and any Related Applications in the United States Patent and Trademark Office or any foreign patent office.

8. Any consulting or other agreements between Xerox and any of the inventors.